PEOPLE ex rel. QUEENS COUNTY WATER CO. v. WOODBURY et al., State Board of Tax Com'rs.

(Supreme Court, Appellate Division, Second Department.   March 17, 1911.)

1. TAXATION (§ 382*)—VALUATION OF SPECIAL FRANCHISE—"NET EARNINGS RULE."

The net earnings rule for determining the value of a special franchise requires an ascertainment of the gross earnings, the gross operating expenses deductible therefrom, as well as a fair and reasonable return on the portion of the capital invested in tangible property, and the balance, if any, capitalized at a fair rate, represents the value of the special franchise.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 633; Dec. Dig. § 382.*

For other definitions, see Words and Phrases, vol. 5, pp. 4777, 4778.]

2. TAXATION (§ 376*)—WATERWORKS—FRANCHISE—VALUATION—WHAT PROPERTY INCLUDED.

As affecting the taxable value of a waterworks franchise, the amount of land necessary for proper operation and for preservation of the water supply is largely for the determination of the directors; but land purchased to prevent its acquisition by some one else should not be included.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 376.*]

3. TAXATION (§ 493*)—REVIEW OF ASSESSMENT—EVIDENCE—BURDEN OF PROOF.

In reviewing the valuation of a special franchise of a waterworks corporation by the net earnings rule, it is necessary to know the value of the land demanded by the legitimate business and purposes of the corporation; and where it appears by the corporation's own affirmative showing that part of the land held by it was acquired to protect its source of water supply, and part to protect the company from an acquisition by the city, injurious to it, which is an unauthorized use, and the evidence is conflicting as to how much land is held for the necessary and authorized uses of the corporation, the order will be affirmed for the corporation's failure to sustain the burden of showing error either in the method or the result of the assessment.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 493.*]

4. TAXATION (§ 493*)—REVIEW OF ASSESSMENT—EVIDENCE—PRESUMPTIONS.

An assessment of a special franchise made by the State Board of Tax Commissioners will be presumed to be correct in the first instance, and parties seeking to reduce it must show that the board pursued an illegal or incorrect method, or inaccurately applied a proper method, resulting in overvaluation; and it will also be presumed that such board assessed a special franchise at its full value.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec. Dig. § 493.*]

5. TAXATION (§ 493*)—EQUALIZATION—EQUALIZATION BY LOCAL BOARDS OR OFFICERS—REVIEW.

Where property of a corporation is assessed at its full value, and other property in the same taxing district is assessed at only 87 per cent. of its value, a reduction of 13 per cent., made to equalize the tax rate, is justified.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 493.*]

Appeal from Special Term, Kings County.

Certiorari by the People of the State of New York, on the relation of the Queens County Water Company, against Egbert E. Woodbury

and others, as the State Board of Tax Commissioners. From an order of the Supreme Court (67 Misc. Rep. 490, 123 N. Y. Supp. 599), both parties appeal. Order affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

Henry De Forest Baldwin (Franklin B. Lord, Jr., on the brief), for relator.

Curtis A. Peters (Addison B. Scoville and John Hill Morgan, on the brief), for City of New York, and State Board of Tax Com'rs.

PER CURIAM. The assessment involved property of two kinds: (1) Tangible; that is, pipes and mains in the streets of the county of Queens. (2) Intangible; the right to occupy and use the streets, highways, and public places for the business purposes for which the franchise was granted. The assessment is $275,000. If from the total assessment of $275,000 there be deducted the value of the tangible property in streets, which the relator alleged and the court found to be $128,779.73, the sum of $146,220.27 is the amount of the assessment of the value of intangible property.

Is such valuation correct? The relator would test its accuracy by invoking the net earnings rule. That rule necessitates ascertainment of gross earnings, of gross operating expenses deductible therefrom, as well as a fair and reasonable return on the portion of the capital invested in tangible property. The balance, if any, capitalized at a fair rate, represents the value of the special franchise. People ex rel. Jamaica W. S. Co. v. Tax Commissioners, 196 N. Y. 39, 56, 89 N. E. 581. To make this ascertainment it is necessary to know the value of the land to which capital is appropriated suitably for corporate purposes. Without such data, computation under such rule is impossible. The defendant's evidence is that 50 acres of land, of the value of $65,000, is sufficient. Relator's contention is that the 846 acres, of the value of $1,500,000, is demanded by its legitimate corporate business. If so, and there be allowed a return thereon of 6 per cent., there are no net earnings to capitalize for intangible rights. It is not necessary to decide to what degree the defendants are in error, although it is clear that the limit of 50 acres is incorrect. The difficulty is that the relator affirmatively shows that some part of such land is not required for its purposes, inasmuch as the reason given for its acquisition furnishes no just ground therefor.

The court in this proceeding should not unduly disturb the sound discretion of its directors in determining the quantity of land needed for its present wants, or those reasonably expectable. But it is stated by relator's engineer that all the land is necessary, "in the first place, to properly protect the source of water supply, and, again, to protect us against suits for damages to farms for draining the land, and probably the most important thing is to protect us against the city of Brooklyn"; that it was purchased by his advice for the protection and increase of the water supply of the company. But it appears that the relator had ample power to enjoin the city from taking land for such use as would interfere with its watershed, and that, indeed, it

did restrain the city in such attempt. Hence some portion of the land held by relator is for its authorized use, and a residue, not defined or valued, is to prevent its acquisition by the city for a purpose injurious to the relator. But such act on the part of the city was not fairly apprehendible, because it would not have been legally possible. Hence the court is met with the impossibility of determining how much of the land held by relator is necessary for its corporate purposes. The defendants' estimate is too limited. The relator's holding is too much. This condition of the record baffles inquiry; for the acreage, with its value, is a necessary factor in ascertaining the amount of a correct assessment. The relator's ample brief instructively presents its contention as to the method of ascertaining a just assessment; but it constantly uses as an element therein the whole acreage, and thereby employs an item not in its entirety admissible for the purpose.

The assessment must be deemed correct in the first instance, and the relator must show that the assessors pursued an illegal or incorrect method, or inaccurately applied a proper method, resulting in overvaluation. It is considered that the relator, with the burden upon it, has failed to show error in method or result, save as hereinafter noticed. This leads to the inquiry whether the trial court was justified in reducing the assessment from $275,000 to $239,250 on account of inequality of assessment. The defendants are presumed to have assessed the relator's property at its full value. It appears that in the borough of Queens property is assessed at 87 per cent. of its full value. Hence the reduction of 13 per cent., directed by the trial court, was justified, and it is considered that the evidence does not show an inequality demanding further reduction.

The order, in so far as appealed from, should be affirmed, without costs.